UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARYN BALDWIN,

                Plaintiff,

-against-

TMPL LEXINGTON LLC d/b/a TMPL LEXINGTON, EMPIRE HOLDINGS AND INVESTMENTS, LLC, and PATRICK WALSH,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/2025
```

**ORDER APPROVING SETTLEMENT AND DISMISSING CASE**

23-CV-9899 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c).

    The Court has received the parties' joint letter request at ECF No. 66 (the "Parties' Letter"), that the Court approve their settlement agreement, a fully executed copy of which was submitted on October 8, 2025, at ECF No. 72-2 (the "Settlement Agreement"). The Court also has reviewed the retainer agreement between Plaintiff and counsel at ECF No. 70-1 at 2–4[1], and the documentation supporting the cost calculation at ECF Nos. 70-2 and 70-3. A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation,

---

[1] This page number refers to the number in the ECF header stamped at the top of the document.

1

not an employer's overreaching.  *See Cheeks v. Freeport Pancake House*, 796 F.3d 199, 207 (2d Cir. 2015).

The Court has carefully reviewed the Settlement Agreement as well as the Parties' Letter.  The Court has considered, without limitation: prior proceedings in this action, the attendant risks, burdens and costs associated with continuing the action, the range of possible recovery, whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties, the amount of attorney's fees, and the possibility of fraud or collusion.  Among other attributes of the Settlement Agreement, there are no confidentiality restrictions, the release is narrowly tailored to wage and hour claims, and the attorneys' fees are within a fair, reasonable, and acceptable range.  Considering all the circumstances, the Court finds that the Settlement Agreement is fair and reasonable, and it is hereby approved.

This case, having resolved by settlement, is hereby dismissed and discontinued in its entirety, with prejudice, without costs or fees to any party, except as provided for in the Settlement Agreement.  At the parties' request, *see* Settlement Agreement at 6 ¶ 8, the Court will retain jurisdiction for the limited purpose of enforcing the Settlement Agreement.

The Clerk of Court is respectfully requested to terminate all motions and deadlines, and to close this case.

**SO ORDERED.**

Dated: November 17, 2025
       New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge